

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CORA BUCKLIN, an individual on behalf of herself and on behalf of all persons similarly situated and VIRGINIA L. BURTON, an individual on behalf of herself and on behalf of all persons similarly situated,<br><br>Plaintiffs - Appellants,<br><br>v.<br><br>ZURICH AMERICAN INSURANCE COMPANY,<br><br>Defendant - Appellee. | No. 13-56085<br><br>D.C. No. 2:11-cv-05519-SVW-MRW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted June 4, 2015
Pasadena, California

Before:  M. SMITH and N.R. SMITH, Circuit Judges and LEFKOW,[**] Senior District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Joan H. Lefkow, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

## I.	Appellants Are Exempt Administrative Employees

Appellants Cora Bucklin and Virginia Burton appeal the district court's grant of summary judgment to appellee Zurich American Insurance Company ("Zurich").  The district court found that appellants were properly classified as exempt administrative employees.  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

"We review a district court's decision to grant summary judgment de novo." *Carver v. Holder*, 606 F.3d 690, 695 (9th Cir. 2010) (citation omitted).  We therefore view the evidence in the light most favorable to the nonmoving party and determine "whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1131–32 (9th Cir. 2003) (citation omitted).

To classify an employee under the administrative exemption, an employer must establish the following five elements:

1.	The employee performs work directly related to management policies or general business operations of either the employer or the employer's clients;

2.	The employee customarily and regularly exercises discretion and independent judgment;

3. The employee works under only general supervision while performing work along specialized or technical lines requiring special training, experience, or knowledge;

4. The employee is primarily engaged in exempt work meeting the above requirements; and

5. The employee meets a minimum salary requirement.

*See Campbell v. PricewaterhouseCoopers, LLP*, 642 F.3d 820, 831 (9th Cir. 2011) (citing Cal. Code Regs. tit. 8, § 11040(1)(A)(2)).

Unlike the facts in *Campbell*, there are no genuine issues of material fact as to what appellants actually do and what Zurich expects them to do. *See id.* at 832. Thus, whether appellants' duties satisfy the elements of the exemption is a question of law properly decided by the district court. *See Cleveland v. City of L.A.*, 420 F.3d 981, 988 (9th Cir. 2005) ("A district court's determinations regarding exemptions to the FLSA are questions of law that we review *de novo*." (citation omitted)).

Undisputed facts demonstrate that appellants primarily performed work directly related to Zurich's management policies or general business operations. Cal. Code Regs. tit. 8, § 11040(1)(A)(2)(a)(I). Appellants developed a plan of action for resolving each claim and represented Zurich while investigating claims, setting reserves, directing litigation, and negotiating settlements. They also made

recommendations to their supervisors when necessary, and those recommendations were frequently accepted. These duties qualify as servicing a business, 29 C.F.R. § 541.205(b) (2001),[1] and were therefore qualitatively administrative.[2] *Harris v. Superior Court*, 266 P.3d 953, 959 (Cal. 2011).

Further, appellants' authority to set reserves and to settle claims up to specified amounts indicates that their duties were substantially important to Zurich's business operations. *See* 29 C.F.R. § 541.205(a). Accordingly, appellants' duties were quantitatively administrative as well. *Harris*, 266 P.3d at 959; *see also* 29 C.F.R. § 541.205(c)(5) (identifying claim agents and adjusters as an example of the kind of employee who meets the quantitative component). The mere fact that appellants performed *some* clerical duties and described their duties as routine does not create a triable issue on the quantitative component of the directly related requirement.

---

[1] In construing the administrative exemption, we apply the 2001 version of the federal regulations. *See* Cal. Code Regs. tit. 8, § 11040(1)(A)(2)(f) ("The activities constituting exempt work and non-exempt work shall be construed in the same manner as such terms are construed in the following regulations under the Fair Labor Standards Act effective as of the date of this order: 29 C.F.R. Sections 541.201–205, 541.207–208, 541.210, and 541.215.").

[2] Appellants argue that the California Court of Appeal's decision in *Harris v. Superior Court*, 144 Cal. Rptr. 3d 289 (Ct. App. 2012), compels the conclusion that an issue of fact remains on the qualitative component. That decision, however, was ordered depublished by the California Supreme Court and thus has no precedential value. *See Farmers Ins. Exch. v. Superior Court*, 159 Cal. Rptr. 3d 580, 591–92 (Ct. App. 2013).

Appellants customarily and regularly exercised discretion and independent judgment. Cal. Code Regs. tit. 8, § 11040(1)(A)(2)(b). In setting reserve amounts, appellants considered a number of factors such as the nature and extent of the injury and the likelihood of permanent disability. When litigation became necessary, appellants retained an attorney on behalf of Zurich, developed a litigation strategy, and, when appropriate, settled the case. Thus, appellants' duties entailed "the comparison and the evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.207(a).

An obligation to utilize specific computer programs or to refer to reference manuals and guidelines does not necessarily prevent an employee from exercising independent discretion or judgment. *In re Farmers Ins. Exch., Claims Representatives' Overtime Pay Litig.*, 481 F.3d 1119, 1130–31 (9th Cir. 2007). That appellants' discretion was restricted by Zurich's best practices manual does not negate the undisputed fact that appellants regularly exercised discretion and independent judgment in setting reserves and directing litigation.

Appellants made recommendations to their supervisors that were frequently accepted, supporting the conclusion that appellants exercised discretion and judgment. *See* 29 C.F.R. § 541.207(e)(1) ("The decisions made as a result of the

5

exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action."). And supervisory review of appellants' discretionary decisions does not change the fact that appellants exercised independent judgment in the first instance. Indeed, appellants had substantial discretion when acting within their settlement authority.

Appellants performed under only general supervision work along specialized or technical lines requiring special training, experience, or knowledge. Cal. Code Regs. tit. 8, § 11040(1)(A)(2)(d). Appellants acknowledge that they engaged in work along specialized or technical lines, and appellants rarely operated under direct supervision. At most, appellants' supervisors reviewed their discretionary decisions after the fact. Thus, this case is readily distinguishable from our decision in *Campbell* where the record contained "a wealth of . . . extensive conflicting evidence" about the scope of PwC's supervision over the plaintiffs. 642 F.3d at 832. Here, disputed facts do not bear heavily on whether appellants are exempt; instead, the undisputed facts establish that there is no triable issue on this element.

Finally, appellants do not dispute that they were primarily engaged in duties that meet the test of the exemption, Cal. Code Regs. tit. 8, § 11040(1)(A)(2)(f), or that they earned more than twice the state minimum wage, *id.* § 11040(1)(A)(2)(g).

6

Because there are no genuine issues of material fact as to any elements of the administrative exemption, we affirm the grant of summary judgment to Zurich.

**II.    The District Court Did Not Abuse Its Discretion in Striking Appellants' Expert Report**

We review the grant of a motion to strike for an abuse of discretion. *Hambleton Bros. Lumber Co. v. Balkin Enters., Inc.*, 397 F.3d 1217, 1224 n.4 (9th Cir. 2005) (citations omitted). Although the schedule for expert witness disclosures postdated briefing on the motion for summary judgment, appellants did not request under Fed. R. Civ. P. 56(d) an order allowing expert discovery before responding to the motion, leaving Zurich without the opportunity to investigate or depose the witness. Moreover, a trial court can only consider admissible evidence in ruling on a motion for summary judgment. *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988). Because appellants' expert's report was not sworn when filed, the district court did not abuse its discretion in declining to consider it. *See* Fed. R. Civ. P. 56(c)(4), (e); Fed. R. Evid. 901, 902. Finally, the report is merely the expert's opinion as to the proper classification of appellants under governing law, which, as indicated, is a question of law reserved for the court.

**AFFIRMED.**